# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:00CR212-3-MU

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **O R D E R** |
| RENE JAIMES SALAZAR, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before this Court on Defendant's (1) Motion for the Right to Appeal (Document No. 200); (2) Motion for Appointment of Counsel (Document No. 201); and (3) Motion to Obtain Transcripts, all filed April 25, 2005.

Rene Salazar pleaded guilty to conspiring to possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846 on May 9, 2002 and was sentenced on September 24, 2002 to 156 months imprisonment to be followed by a three-year term of supervised release. The Court entered judgment of conviction against Salazar on October 16, 2002. Defendant noted an appeal dated January 21, 2003, which the Government moved to dismiss as untimely. On December 10, 2003, the Fourth Circuit granted the Government's Motion to Dismiss Salazar's appeal. The Fourth Circuit explained that Defendant's appeal was untimely but noted that in order for Defendant to adequately develop the record on his ineffective assistance of counsel claim, he must file a motion under 28 U.S.C. § 2255. That was well over one year ago and Defendant has not filed a Motion to Vacate under 28 U.S.C. § 2255.

As the Fourth Circuit has already noted, a defendant's notice of appeal in a criminal case

must be filed within ten days after judgment of conviction. Fed. R. App. P. 4(b)(1)(A). The district court, upon a finding of good cause or neglect, may extend a defendant's time period for filing a notice of appeal an additional thirty days beyond the expiration of the ten. Fed. R. App. P. 4(b)(4). The appeal periods established by Rule 4 are mandatory and jurisdictional. Browder v. Director, Dept. Of Corr., 434 U.S. 257, 264 (1978); Panhorst v. United States, 241 F.3d 367, 369-70 (4th Cir. 2001).

Defendant is clearly beyond both the ten-day and additional thirty-day periods and therefore his motion for the Right to Appeal (Document No. 200) is denied[1] and his Motions for Appointment of Counsel (Document No. 201) and to Obtain Transcripts (Document No. 2002) are denied as moot.

---

[1] The Court also notes that cannot construe Defendant's Motion for the Right to Appeal as a Motion to Vacate under 28 U.S.C. § 2255 because it also would be untimely.

**Signed: May 10, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge